Kenneth Jack CREED, Appellant,

v.

UNITED STATES of America, Appellee.

No. 6462.

United States Court of Appeals Tenth Circuit.

Oct. 19, 1960.

Martin J. Andrew, Denver, Colo., for appellant.

Erwin A. Cook, Oklahoma City, Okl. (Paul W. Cress, Oklahoma City, Okl., on the brief), for appellees.

Before MURRAH, Chief Judge, and BRATTON and PICKETT, Circuit Judges.

MURRAH, Chief Judge.

Appellant pleaded guilty to two counts of an indictment charging 1) the taking of mail from an authorized mail depository, violating 18 U.S.C. § 1702, and 2) having in his possession the contents of a letter which had been stolen or taken from a mail receptacle in violation of 18 U.S.C. § 1708. The court sentenced him to a term of five years imprisonment on each count and ordered that the terms run consecutively. After entering upon service of sentence, appellant filed this motion under 28 U.S.C. § 2255 to vacate or correct the sentence on the grounds that the two counts on which he was sentenced charged but one offense. This appeal is from an order denying the motion.

Following the long established precedent, this court has said that "The test for determining whether the offenses charged in two counts of an indictment are identical is whether the facts alleged in one, if offered in support of the other, would sustain a conviction. Where each count requires proof of a fact which the other count does not, the two offenses charged are not identical." Kinsella v. Looney, 10 Cir., 217 F.2d 445. See also Blockburger v. United States, 284 U.S. 299, 304, 52 S.Ct. 180, 76 L.Ed. 306.

Count one of the indictment charged that appellant took from an authorized mail depository a certain letter before such letter had been delivered to the addressee, with design to obstruct the correspondence of another.

Count two charged that appellant and two co-defendants had in their possession the contents of a certain letter, i. e. a government check, which had been stolen or taken from a mail receptacle, knowing it to be stolen.

Proof of the taking of a letter from an authorized depository with design to obstruct correspondence of another in violation of 18 U.S.C. § 1702 does not prove the felonious possession of a government check, knowing the same to have been stolen. And conversely, the proof of possession of a government check with knowledge of its having been stolen does not prove the taking of a letter from a mail depository with the intent to obstruct correspondence of another. It is thus plain that each charged offense requires the proof of an element which the other does not, and therefore the offenses charged are separate and distinct and are consecutively punishable.

Judgment is affirmed.