UNITED STATES of America,
Plaintiff,

v.

Sam L. ANDERSON, Defendant.

Crim. A. No. 894.

United States District Court
W. D. Arkansas,
Hot Springs Division.

May 20, 1966.

Charles M. Conway, U. S. Atty., Ned
A. Stuart, Jr., Asst. U. S. Atty., Fort
Smith, Ark., for plaintiff.

Smith, Williams, Friday & Bowen, Little Rock, Ark., for defendant.

JOHN E. MILLER, Chief Judge.

On March 10, 1966, the Grand Jury returned a three-count indictment in the Hot Springs Division of this court, charging the defendant, Sam L. Anderson, with violating 26 U.S.C.A. § 7206(1).

Count I charges that on or about April 15, 1960, in the Western District of Arkansas, the said defendant, Sam L. Anderson, "did wilfully and knowingly make and subscribe a joint income tax return, Form 1040, for the calendar year 1959, in his name and in the name of his wife, which was verified by a written declaration that it was made under the penalties of perjury, which said joint income tax return, Form 1040, for the calendar year 1959, he did not believe to be true and correct as to every material matter in that in the said joint income tax return, Form 1040, for the calendar year 1959 on Schedule C thereof entitled 'Profit (or Loss) from Business or Profession' he stated the Total Receipts to be $9,175.80, whereas he then and there well knew and believed, he had total receipts substantially in excess of that amount to-wit: approximately $32,000.00 in violation of Section 7206(1), Internal Revenue Code; 26 U.S.C. § 7206(1)."

Counts 2 and 3 are identical with Count 1 except that Count 2 charges that the offense was committed on or about April 14, 1962, and that the income tax return was for the calendar year 1961, and that the defendant stated his total receipts to be $9,588.10, whereas they were approximately $17,000.00. Count 3 charges that the offense was committed on or about April 14, 1963, that the income tax return was filed for the calendar year 1962, and that the defendant stated that his gross receipts were $10,277.00, whereas the gross receipts were approximately $17,000.00.

On April 25, 1966, the defendant accompanied by his attorney appeared in open court in the Hot Springs Division and entered a plea of not guilty to all counts. Immediately preceding arraignment the defendant filed a motion for a bill of particulars in which he prayed that the court order and direct the United States to serve and file a bill of particulars as to certain matters. In view of the conclusions reached by the court, it is deemed unnecessary to set forth in toto the motion.[1]

In numbered paragraph 1 the defendant's demands are stated as follows:

"1. A statement as to whether the government intends to rely on the 'omission of specific items' methods for reconstruction of income and, if so, an exact statement setting forth the following:

"(a) The date, amount, payor, and character of each item in the year 1959.

"(b) The date, amount, payor, and character of each item in the year 1961.

"(c) The date, amount, payor, and the character of each item in the year 1962."

In numbered paragraph 3 the defendant's demands are stated as follows:

"3. A statement as to whether the government intends to use the 'bank deposits and expenditures' method for

[1.] Paragraph 2 requests a statement as to whether the Government intends to claim that the defendant made improper deductions from his income in calculating his taxable income and, if so, furnish an exact statement of the improper deductions.

Paragraph 4 asks whether the Government intends to submit proof of defendant's omission of specific items, or improper deductions, or bank deposits and expenditures, in any years other than 1959, 1961 and 1962 and, if so, furnish the information requested in paragraphs 1 and 3.

Paragraph 5 requests the Government to advise whether it intends to submit proof of defendant's net worth at any time before, during, or after the indictment years, and, if so, an exact statement setting forth the claimed net worth at the beginning and end of each such year.

Paragraph 6 requests a list of the witnesses the Government intends to use at the trial, stating their names, addresses and the subject of their proposed testimony.

reconstruction of income or to corroborate the omission of specific items and, if so, an exact statement setting forth the following:

"(a) A list of the defendant's bank deposits in the year 1959, reflecting thereon the amount, date and alleged character of each item.

"(b) A list of the defendant's bank withdrawals in the year 1959, reflecting thereon the amount, date and use of each withdrawal.

"(c) A list of the defendant's bank deposits in the year 1961, reflecting thereon the amount, date and alleged character of each item.

"(d) A list of the defendant's bank withdrawals in the year 1961, reflecting thereon the amount, date and use of each withdrawal.

"(e) A list of the defendant's bank deposits in the year 1962, reflecting thereon the amount, date and alleged character of each item.

"(f) A list of the defendant's bank withdrawals in the year 1962, reflecting thereon the amount, date and use of each withdrawal."

On May 9, 1966, the United States served and filed a response to the motion, in which it is stated:

"The matters sought in said motion are evidentiary, within the defendant's own knowledge, and are not necessary to the defendant in the preparation of his defense. The offense is sufficiently stated in the indictment to bar a second possible prosecution for the same offense.

"The granting of said motion would unduly limit the scope of plaintiff's proof and prematurely disclose the same prior to trial.

"WHEREFORE, the United States of America prays that the motion of Sam L. Anderson, defendant, for a Bill of Particulars be denied."

Prior to the serving and filing by the United States of the response, the defendant had served the United States Attorney and had submitted to the court a memorandum brief in support of the motion. On May 9, 1966, the United States served upon the attorneys for the defendant and submitted to the court a memorandum in opposition to defendant's brief.

Rule 7(f), Fed.R.Crim.P., provides that the court for cause may direct the filing of a bill of particulars, which may be amended at any time subject to such conditions as justice requires. (This subsection has been amended effective July 1, 1966, but the amendment is not material to the consideration and determination of the motion.)

As heretofore set forth, the indictment in each count charges that the defendant wilfully and knowingly made and subscribed a joint income tax return, Form 1040, for the calendar year involved in his name and the name of his wife; that the return was verified by written declaration made under the penalties of perjury; that the defendant did not believe the return to be true and correct as to every material matter; and at the time of subscribing and filing the return, he had total receipts substantially in excess of the amount shown on the return.

In the memorandum submitted by the United States in opposition to the motion, the following statements appear:

"In the face of these objections, however, the Government voluntarily states that the proof is concerned with the omission of specific items from total receipts for the years 1959 and 1961 and from gross receipts for the year 1962. For the purpose of corroborating the above proof and also to show wilfulness, intent, and pattern of conduct, the Government may introduce proof of bank deposits and expenditures and other bank records."

* * * * * *

"2. Only one part of the income tax return, Schedule C, is in question thereby informing the defendant that the material matter question does not

concern his personal exemptions, his itemized deductions, dividends, interest, pension and annuities, rents and royalties, depreciation, but is concerned only with Schedule C which pertains to his profession as a lawyer."

An examination of Schedule C of Form 1040 for the calendar year 1959 discloses that it was designed to obtain from the taxpayer a statement of "Profit (or Loss) from Business or Profession." The first interrogatory required to be answered is as follows:

"1.   Total receipts \$_____, less allowances, rebates and returns \$_____."

In each count of the indictment it is charged that the defendant did not believe to be true and correct in every material matter the figures inserted by him in question 1 of Schedule C, as above stated, and that he well knew and believed that he had total receipts substantially in excess of the amount stated by him to be his total receipts in Counts 1 and 2 and gross receipts in Count 3 for the particular calendar year mentioned in the court. It is clear that the part of the statement "less allowances, rebates and returns" is not material.

■   Although Rules 7(f), 16 and 17(c), Fed.R.Crim.P., have different functions and applications, they serve a related purpose. They should be liberally interpreted to carry out the purpose intended, which is to enable the accused to meet the charges presented against him. Here the defendant is only proceeding under Rule 7(f), and the court need only determine whether the information sought by the motion is relevant and necessary to enable the defendant to meet the charges.

■   The indictment is good as against a motion to quash or dismiss. The proper approach and consideration to be given the motion were well and forcibly stated in the case of United States v. Smith, (W.D.Mo.1954) 16 F.R.D. 372, by former Mr. Associate Justice Whittaker while he was United States District Judge for the Western District of Missouri. The contentions of the defendant, as well as of the United States, in the case there under consideration are similar to the contentions made by the parties in the instant case. In disposing of the contentions, Judge Whittaker, beginning at page 374, stated:

"Certainly the fact that an indictment or information conforms to the simple form suggested in the rules is no answer or defense to a motion for a bill of particulars under Rule 7(f). Rule 7(f) necessarily presupposes an indictment or information good against a motion to quash or a demurrer. Its proper office 'is to furnish to the defendant *further information* respecting the charge stated in the indictment when necessary to the preparation of his defense, and to avoid prejudicial surprise at the trial', and when necessary for those purposes, is to be granted even though it requires 'the furnishing of information which in other circumstances would not be required because evidentiary in nature', and an accused is entitled to this 'as of right'. U. S. v. U. S. Gypsum, D.C., 37 F.Supp. 398, 402. To the same effect are Singer v. U. S., 3 Cir., 58 F.2d 74, U. S. v. Allied Chemical & Dye Corp., D.C., 42 F.Supp. 425, 428; Fontana v. U. S., 8 Cir., 262 F. 283. It seems quite clear that 'where charges of an indictment are so general that they do not sufficiently advise defendant of the specific acts with which he is charged, a bill of particulars should be ordered.' Cases cited and U. S. v. Grossman, D.C., 55 F.2d 408; Chew v. U. S., 8 Cir., 9 F.2d 348, 353.

"This must necessarily be true when we realize that there is no discovery means in criminal cases, such as provided by the civil rules for civil cases, and that the only means open to a defendant, in a criminal case, for the securing of the details of the charge against him is that afforded by Rule 7(f) of the Federal Rules of Criminal Procedure. ' "Bills of particulars have grown from very small and technical

beginnings into most important instruments of justice. * * * While they are not intended to advise a party of his adversary's evidence or theory, they will be required, even if that is the effect, in cases where justice necessitates it." ' U. S. v. Balaban, D.C., 26 F.Supp. 491, 499.

"Nor is it any answer to a motion for a bill of particulars for the government to say: 'The defendant knows what he did, and, therefore, has all the information necessary.' This argument could be valid only if the defendant be *presumed to be guilty*. For only if he is presumed guilty could he know the facts and details of the crime. Instead of being presumed guilty, he is presumed to be innocent. Being presumed to be innocent, it must be assumed 'that he is ignorant of the facts on which the pleader founds his charges'. Fontana v. U. S., 8 Cir., 262 F. 283, 286; U. S. v. Allied Chemical & Dye Corp., D.C., 42 F.Supp. 425. This conclusion seems to me to be elementary, fundamental and inescapable.

"Without definite specification of the time and place of commission of the overt acts complained of, and of the identity of the person or persons dealt with, there may well be difficulty in preparing to meet the general charges of the information, and some danger surprise. I, therefore, believe that the defendant is entitled to some, but not all, of the information which his motion requests."

The learned Judge held that the defendant was entitled to the information which he requested in paragraphs 2, 3, 4 and 5 of the motion directed to Count 1. Those requested paragraphs were as follows:

"(2) the time of day when, and the exact place where, the government claims defendant sold a narcotic drug in Kansas City on August 29, 1954, (3) the name of the person or persons to whom it is claimed defendant sold and transferred the narcotic drug, (4) whether such person or persons were,

at the time of the alleged sale and transfer, directly or indirectly in the employ of the government, (5) whether such person or persons were acting at the instance of the government at the time of the alleged sale and transfer,"

As to Count 2, the court held that he was entitled to have the following requests answered:

"(2) the time of day when, and the exact place where, it is claimed defendant unlawfully transferred one marijuana cigarette in Kansas City, on August 30, 1954, (3) the name of the person or persons to whom the one marijuana cigarette was 'transferred', (4) whether such person or persons (to whom said marijuana cigarette was allegedly transferred) are, or were at the time, directly or indirectly employed by the government, (5) whether such person or persons (to whom said marijuana cigarette was allegedly transferred) did or did not first transfer the same to defendant, (6) whether such person or persons were acting at the instance of the United States or its agents at the time of the alleged transfer,"

In Fontana v. United States, (8 Cir. 1919) 262 F. 283, at page 286, Judge Walter H. Sanborn stated:

"The basic principle of English and American jurisprudence is that no man shall be deprived of life, liberty, or property without due process of law; and notice of the charge or claim against him, not only sufficient to inform him that there is a charge or claim, but so distinct and specific as clearly to advise him what he has to meet, and to give him a fair and reasonable opportunity to prepare his defense, is an indispensable element of that process. When one is indicted for a serious offense, the presumption is that he is innocent thereof, and consequently that he is ignorant of the facts on which the pleader founds his charges, and it is a fundamental rule that the sufficiency of an indictment

must be tested on the presumption that the defendant is innocent of it and has no knowledge of the facts charged against him in the pleading. Miller v. United States, 133 Fed. 337, 341, 66 C.C.A. 399, 403; Naftzger v. United States, 200 Fed. 494, 502, 118 C.C.A. 598, 604."

The case of United States v. Genstil, (D.C.Mass.1962) 205 F.Supp. 604, was a case where the defendant was indicted in a three-count indictment charging him with violating 28 U.S.C. Sec. 7206(1) in Count 1, and 26 U.S.C. Sec. 7206(5)(B), in Counts 2 and 3. The defendant filed a motion for a bill of particulars seeking as to Count 1 "the names of the banks or other financial institutions with whom he is alleged to have done business; the nature and details of the receipts, with dates, alleged to have been received by the defendant during the previous twelve months; and the nature and details of the disbursements (with dates) alleged to have been made by defendant during the preceding twelve months." The court in disposing of the defendant's contentions said:

> "With regard to Count One, the Government is directed to furnish defendant with the names and addresses of the banks or other financial institutions with whom defendant is alleged to have done business, and the name and address of any person from whom defendant is alleged to have received paments or to whom defendant is alleged to have made disbursements, during the twelve-month period referred to in Count One of the indictment."

In Helms v. United States, (5 Cir. 1964) 340 F.2d 15, the defendant was convicted "on two counts of violating Section 7206(1) of the Internal Revenue Code of 1954, 26 U.S.C.A. § 7206(1). Count 1 charged in substance that on January 29, 1959, the defendant willfully and knowingly made and subscribed a United States individual income tax return, verified by a written declaration that it was made under the penalties of perjury, in which, as he well knew and

believed, he had understated his gross income. Count 2 made a like charge as to an income tax return made and subscribed on April 15, 1960." In disposing of a bill of particulars the trial court ordered the defendant's motion restricted to the charges, as follows:

"III.

"The principal source of unreported gross income consists of omitted gross income from marble table collections for the calendar years 1958 and 1959. The government expects to introduce in testimony of various location owners, among others, that the collection tickets of Jefferson Novelty Company entered on the books and records of Jefferson Novelty Company and reflected on the income tax returns of the defendant were understated by a substantial amount. Location owners to be called to testify include among others: [Here 23 names were listed.]

"IV.

" *  *  * the defendant failed to report interest income of $54.50 in 1958 and $640.00 in 1959 received from H.J.T.K. Fontenot.

"V.

" *  *  * the defendant failed to report income from background music rentals received from Leo Hebert in 1958 in the amount of $120.00."

In United States v. Jett, (6 Cir. 1965) 352 F.2d 179, the defendant was charged in Counts 2, 4, and 5 of the indictment with filing false returns for the calendar years 1960, 1961, and 1962 in violation of 26 U.S.C. § 7206. Counts 1 and 3 of the indictment charged the defendant with income tax evasion for the years 1960 and 1961 in violation of 26 U.S.C. § 7201. The defendant was convicted on Counts 1, 3 and 4, and found not guilty on Counts 2 and 5. In other words, the defendant was convicted on Counts 1 and 3, which charged a violation of 26 U.S.C. § 7201, and on Count 5, which charged a violation of 26 U.S.C. § 7206(1). The

opinion reveals that various methods of proof were used by the Government in the prosecution of counts where the indictment charged a violation of 26 U.S.C. § 7201, but the method of proof used by the Government in the prosecution of Counts 2, 4, and 5 "was by specific items omitted from his income tax returns."

The defendant in his brief in support of the motion expresses the fear that in the event of an adverse decision or conviction on any of the counts in the indictment he will be subjected to the civil fraud penalty and a waiver of the statute of limitations for assessment, because of the recent trend of decisions which will preclude him from again litigating the fraud issue. He cites the cases of Tomlinson v. Lefkowitz, (5 Cir. 1964) 334 F.2d 262, cert. denied 379 U.S. 962, 85 S.Ct. 650, 13 L.Ed.2d 556 (1965); Moore v. United States, 360 F.2d 353 (4 Cir. 1965); Armstrong v. United States, (Ct. Cl.1965) 354 F.2d 274; Amos v. C. I. R., (1965) 43 T.C. 50, aff'd. 360 F.2d 358 (4 Cir. 1965); Arctic Ice Cream Co., (1965) 43 T.C. 68, and states:

"Under these cases the rules and rationale of which were carefully sought, planned and engineered by the government, the defendant is faced with a two-pronged result in the event of a guilty verdict: He will be punished under the criminal sanctions of the Federal Tax Laws; he will be estopped from pleading the statute of limitation upon assessment and will be denied his day in court on the civil fraud penalty. * * *

* * * * * *

"The defendant is placed in the position of defending both his freedom and his pocket book herein. The information sought by his Bill of Particulars is a small part of that to which he would be entitled in a civil tax fraud matter. The government in effect is being permitted to prosecute both the criminal charge and the potential civil fraud penalty at the same trial. It is only right that the defendant be enabled to prepare his defense with knowledge of a bare minimum of facts which he could discover if he were being charged solely with civil tax fraud."

In considering this contention it must be borne in mind that the indictment charges a violation of 26 U.S.C. § 7206 (1), which is as follows:

"Any person who—

"(1) Willfully makes and subscribes any return, statement or other document, which contains or is verified by a written declaration that it is made under the penalties of perjury, and which he does not believe to be true and correct as to every material matter * * * shall be guilty of a felony * * *."

The defendant might have been indicted under either 26 U.S.C. § 7201, willful attempt to evade the tax; or § 7207, wilfully filing or delivering to be filed a return or false document known to be fraudulent; or 18 U.S.C. § 1001, willfully making a false statement or giving a fraudulent document to any Government agency.

In Tomlinson v. Lefkowitz, supra, the court at page 264 said:

"This Court made a thorough analysis of collateral estoppel in Hyman v. Regenstein, 258 F.2d 502, 509–11 (5th Cir. 1958), cert. denied, 359 U.S. 913, 79 S.Ct. 589, 3 L.Ed.2d 575 (1959). The general principle was stated to be that 'a fact decided in an earlier suit is conclusively established between their parties and their privies, provided it was necessary to the result in the first suit.' Id. at 510 of 258 F.2d. In setting the limits of its application, the Court observed, in reliance upon Restatement, Judgments § 68(o), (p), that only facts essential to the judgment, as opposed to the evidentiary facts on which the facts in issue depend, are subject to collateral estoppel. See id. at 510–11. Once the issue is actually determined, however, it cannot be relitigated between the parties even in a suit on a different cause of

action. See United States v. Burch, 294 F.2d 1, 5 and n. 4 (5th Cir. 1961). Moreover, an issue resolved in favor of the United States in a criminal prosecution may not be contested by the same defendants in a civil suit brought by the Government. Local 167, Int'l Bhd. of Teamsters, etc. v. United States, 291 U.S. 293, 54 S.Ct. 396, 78 L.Ed. 804 (1934); see Emich Motors Corp. v. General Motors Corp., 340 U. S. 558, 568–69, 71 S.Ct. 408, 95 L.Ed. 534 (1951). The converse is not true, however; the Government is not estopped to raise in a civil proceeding an issue on which it lost in a criminal case because the burden of proof beyond a reasonable doubt is greater than in a civil case. Helvering v. Mitchell, 303 U.S. 391, 58 S.Ct. 630, 82 L.Ed. 917 (1938); see United States v. Burch, supra at 3 of 294 F.2d. Since, in the case at bar, the issue on which collateral estoppel was invoked was one on which the Government succeeded, there can be no objection that the former case was a criminal one whereas this one is civil."

In Moore v. United States, supra, the court at page 6059 of 16 A.F.T.R. approved and adopted the opinion of the Fifth Circuit in Tomlinson v. Lefkowitz, supra.

The question here is whether the facts necessary to be established in the instant case to obtain a conviction or verdict of guilty are such as to estop the defendant, if sued in a civil action to recover a fraud penalty, from denying the allegations of the Government necessary to be established to recover a fraud penalty. The court is of the opinion that the material facts necessary to be proven to obtain a conviction in the instant case would not be sufficient to estop the defendant from contesting a claim made by the Government for the recovery of a fraud penalty.

In Gaunt v. United States, (1 Cir. 1950) 184 F.2d 284, cert. den. 340 U.S. 917, 71 S.Ct. 350, 95 L.Ed. 662 (1951), it was charged that the defendant did wilfully and knowingly attempt to defeat and evade a large part of the income tax due and owing by him and his wife to the United States in violation of Sec. 145(b), Internal Revenue Code of 1939, as amended, 26 U.S.C. Sec. 145(b). In the instant case the statute which the defendant is charged with violating is derived from former Sec. 145(c), which provided:

"Any individual who willfully makes and subscribes a return which he does not believe to be true and correct as to every material matter, shall be guilty of a felony, and, upon conviction, thereof, shall be subject to the penalties prescribed for perjury in section 125 of the Criminal Code."

The above section was repealed August 27, 1949, 63 Stat. 668, and on August 16, 1954, the statute which the defendant is charged with violating was enacted, and now appears in 26 U.S.C. Sec. 7206(1) as heretofore set forth.

In Hartman v. United States, (8 Cir. 1957) 245 F.2d 349, the court referred to Section 145(c), and at page 352 quoted from Gaunt v. United States, supra, as follows:

" 'It seems to us clear that the latter subsection makes it a felony merely to make and subscribe a tax return without believing it to be true and correct as to every material matter, whether or not the purpose in so doing was to evade or defeat the payment of taxes. That is to say, it seems to us that the subsection's purpose is to impose the penalties for perjury upon those who wilfully falsify their returns regardless of the tax consequences of the falsehood. Whereas subsection 145(b) condemns as felonious wilful attempts to evade or defeat taxes "in any manner," and one manner, certainly, is by the wilful filing of a return known to be false in some material respect. Thus while the proof of an offense under subsection 145(b) may incidentally also prove an offense under § 145(c), it must in addition indicate an intent in some manner to evade or defeat a tax which is due. In brief, it seems to us evident that the scope of the two subsections is different with respect to an

attempt to evade or defeat taxes, and certainly the language of § 145(b) is broad enough to include the filing of a false and fraudulent return, as a punishable manner of attempted tax evasion.'"

■ In view of the provisions of 26 U.S.C. § 7206(1) and the extent of the proof required to sustain the indictment, this court is not persuaded that a conviction for violating Sec. 7206(1) would be sufficient to establish the liability of the defendant in a civil suit to recover a fraud penalty. The court should consider and determine the motion for a bill of particulars under the same rules that would be applied to any other prosecution.

■ As heretofore set forth, the Government in its brief unequivocally stated that it is not concerned in this case with the defendant's "personal exemptions, his itemized deductions, dividends, interest, pension and annuities, rents and royalties, depreciation, but is concerned only with Schedule C which pertains to his profession as a lawyer." The indictment charges that the defendant well knew and believed that he had total receipts substantially in excess of the amounts set forth in Counts 1 and 2, and gross receipts greatly in excess of the amount set forth in Count 3. The court is of the opinion that justice requires that the Government be required to furnish the information requested by defendant in numbered paragraphs 1 and 3, as hereinbefore set forth, and that portion of the motion should be granted requiring the Government to furnish the information as requested.

In view of the statements of the Government in its brief in opposition to the motion, it seems unnecessary for the court to consider paragraphs 2, 4 and 5 of the motion, for the reason that the Government has in effect stated it is concerned only with the omission of specific items from total receipts for the years 1959 and 1961 and from gross receipts for the year 1962.

■ Paragraph 6 of the motion should be denied, notwithstanding the Government in furnishing the information required in paragraph 1 of the motion will of necessity be required to furnish the name of the "payor" of the specific items of income which it contends the defendant failed to include in the return.

An order in accordance with the above is being entered today.