**UNITED STATES of America**
**v.**
**Raymond TUCKER, Defendant.**
**No. 66 Cr. 742.**

United States District Court
S. D. New York.

Dec. 7, 1966.

Robert M. Morgenthau, U. S. Atty. for Southern Dist. of New York, Roger J. Hawke, New York City, of counsel, for plaintiff.

N. Henry Lindenauer, New York City, for defendant.

## MEMORANDUM

TENNEY, District Judge.

Defendant moves herein for an order pursuant to Rule 7(f) of the Federal Rules of Criminal Procedure granting the defendant a bill of particulars. Defendant also seeks an order controverting a search warrant and suppressing certain evidence allegedly seized pursuant to said warrant.

On September 23, 1966, the defendant was indicted in a three-count indictment which charged that on May 26, 1966 he received, concealed, sold and facilitated the transportation, concealment and sale of 24.500 grams of heroin; that on June 17, 1966, he committed a similar offense with respect to 25.800 grams of heroin; and that on June 17, 1966, he received, concealed and facilitated the transportation and concealment of 789.300 grams of heroin in violation of Title 21 U.S.C. §§ 173 and 174 (1964). On October 26, 1966, the defendant pleaded not guilty to the indictment.

*The Bill of Particulars.*

Defendant has set forth sixteen requests for particulars. Of these, the Government has consented to nine, thus leaving seven of said items in dispute. The first five of defendant's requests for particulars seek the names of all per-

sons who either took part in or were present at the time of the transactions alleged in counts one and two of the indictment. Request 1(c) seeks "the name of the person with whom it will be claimed the alleged act or acts were committed." Request 1(d), in large part repetitive of 1(c), seeks the names of all persons taking part in the transactions. Request 1(h) seeks "the name of the person or persons who physically handed said consideration and the name of the person who it [referring, I assume, to the alleged narcotic drug] was allegedly handed to."

■ Counsel for the Government has pointed out that the courts of this circuit have uniformly denied to defendants the type of information requested in the three cited requests. United States v. Lebron, 222 F.2d 531 (2d Cir.), cert. denied, 350 U.S. 876, 76 S.Ct. 121, 100 L.Ed. 774 (1955); United States v. Cimino, 31 F.R.D. 277 (S.D.N.Y.1962); United States v. Brevard, 27 F.R.D. 250 (S.D.N.Y.1961); United States v. Bentvena, 193 F.Supp. 485 (S.D.N.Y.1960); United States v. Casserino, 189 F.Supp. 288 (E.D.N.Y.1960); United States v. Stromberg, 22 F.R.D. 513 (S.D.N.Y. 1957); United States v. Wilson, 20 F.R. D. 569 (S.D.N.Y.1957); United States v. Malinsky, 19 F.R.D. 426 (S.D.N.Y.1956). In spite of this long line of authority, however, the Court, in its discretion, will order the motion granted as to Requests 1(c), 1(d) and 1(h) in light of the amendment to Rule 7(f) of the Federal Rules of Criminal Procedure, effective July 1, 1966. The purpose of said amendment is to eliminate the requirement of a showing of cause and "to encourage a more liberal attitude by the courts toward bills of particulars without taking away the discretion which courts must have in dealing with such motions in individual cases." Notes of Advisory Committee to Fed.R.Crim.P. 7(f) (as amended July 1, 1966). The Advisory Committee cites with approval the opinion of Mr. Justice Whittaker (then a United States District Judge) in United States v. Smith, 16 F.R.D. 372 (W.D.Mo.

1954) where, in a case similar to the instant one, the Court held that the defendant was entitled to information similar to that in the three aforementioned requests. See United States v. Anderson, 254 F.Supp. 177 (W.D.Ark.1966). Because of the aforesaid amendment, it is my opinion that the rule in this circuit should be relaxed somewhat to comply with the liberal spirit of the 1966 amendments to the criminal rules.

■ Accordingly, I hold that defendant is entitled to the information he seeks in Requests 1(c), 1(d) and 1(h). It would create an anomalous situation to hold otherwise. Since defendant is presumed innocent because of his plea of not guilty, it cannot be assumed that he knows the particulars sought and he can only be considered "ignorant of the facts on which the pleader founds his charges". Fontana v. United States, 262 F. 283, 286 (8th Cir. 1919); United States v. Anderson, supra 254 F.Supp. at 181; United States v. Smith, supra, 16 F.R.D. at 375. He is therefore entitled to this information to properly prepare a defense.

■ Requests 1(i) and 1(j) seek the names of witnesses to the transactions in question. This appears to be nothing more than an attempt to obtain a list of Government witnesses before defendant's trial, and even a liberal interpretation of the amended Rule 7(f) would not require such a result. All of the authority previously cited is applicable here and, accordingly, these requests are denied.

■ Request 2(c) seeks "the manner in which it will be claimed the defendant committed the act or acts alleged in count three." An answer to this request will require the Government to set forth in detail all its evidence that it will use at the trial as to that count. This is an improper attempt to discover the Government's evidence and will be denied. United States v. Cimino, supra; United States v. Brevard, supra; United States v. Smith, supra.

■ Request 2(d) asks that the Government characterize the acts alleged

in count three as either "actual" or "constructive". The purpose of the bill of particulars is to inform the defendant of the nature of the charges brought against him to adequately prepare his defense, to avoid surprise during the trial and to protect him against a second prosecution for an inadequately described offense. Cook v. United States, 354 F.2d 529 (9th Cir. 1965); Rodella v. United States, 286 F.2d 306 (9th Cir. 1960), cert. denied, 365 U.S. 889, 81 S.Ct. 1042, 6 L.Ed.2d 199 (1961); United States v. Lebron, supra; United States v. Anderson, supra; United States v. Bonnet, 247 F.Supp. 415 (E.D.La.1965); United States v. Smith, supra. In effect, defendant seeks a conclusion of law from the Government which, clearly, is not within the purpose of Rule 7(f). Accordingly, defendant's Request 2(d) is denied.

### Defendant's Controversion of Search Warrant and Motion to Suppress.

■ Paragraph one of this motion states that the search warrant is defective for failure to specify and describe the property to be seized. The warrant refers to "a quantity of loose heroin." The Court is at a loss as to how the warrant could more specifically state and describe the property to be seized. See Steele v. United States, 267 U.S. 498, 45 S.Ct. 414, 69 L.Ed. 757 (1925); cf. Calo v. United States, 338 F.2d 793 (1st Cir. 1964).

■ Defendant's next contention (paragraph two) is that issuance of the search warrant violated Rule 41(c) of the Federal Rules of Criminal Procedure in that it authorized a search at any time of the day or night without giving justification therefor. However, Title 18 U.S.C. § 1405 (1964) provides a special procedure for violations of the Narcotic Drugs Import and Export Act and specifically authorizes service at any time of the day or night if "there is probable cause to believe that the grounds for the application exist". See 8 Moore, Federal Practice § 41.05, at 41–15 n. 9 (Cipes ed. 1966).

■ Paragraph three sets forth defendant's grounds for lack of probable cause. Upon reading the affidavit on which the search warrant was issued, it is my opinion that this contention is completely devoid of merit. The affidavit states that on May 26, 1966, an undercover narcotics agent had purchased heroin hydrochloride from defendant; that deponent maintained surveillance of said transaction; that a reliable informant who had given accurate information on at least ten occasions in the past five months told deponent that defendant kept a substantial quantity of heroin somewhere in the Bronx. The affidavit continues by alleging that on June 17, 1966, deponent observed a car, which he had seen defendant drive on at least ten occasions, parked on East 149 Street near Morris Avenue in the Bronx. Deponent alleged that surveillance was maintained, and approximately 45 minutes thereafter another car drove up and parked across the street from the first car; that the driver of said second vehicle entered a building at 281 East 149 Street and was observed ringing the downstairs bell for apartment 3C. Approximately one-half hour thereafter, defendant was observed leaving the building at 281 East 149 Street with the driver of the second car and an unidentified female. Defendant was carrying a shopping bag which he deposited next to some garbage, entered the first vehicle and drove away. Deponent retrieved the shopping bag and found therein items used to dilute and package heroin. Defendant was identified from a photograph as a person who frequented apartment 3C at the aforesaid address. A Mrs. Miller was the tenant in said apartment, and when she completed an application as a prerequisite to renting it she listed her prior residence and telephone number. Deponent's investigation revealed that defendant resides at Mrs. Miller's prior address and has the same telephone number.

Taking all of the facts alleged in the affidavit and considering them together, it is obvious that there was probable

cause for the issuance of the warrant. Cf. Walker v. United States, 117 U.S. App.D.C. 151, 327 F.2d 597 (1963), cert. denied 377 U.S. 956, 84 S.Ct. 1635, 12 L. Ed.2d 500 (1964); Monnette v. United States, 299 F.2d 847 (5th Cir. 1962).

Defendant's final contention is that "On information and belief the search warrant was improperly executed." No evidentiary support is submitted for this conclusory statement. The manner of improper service is not alleged nor is the source of information and belief set forth. In view of the complete lack of any evidence supporting defendant's charges, a hearing is not required for the determination of this motion. United States v. Casanova, 213 F.Supp. 654 (S.D.N.Y.1963).

Accordingly, defendant's motion to controvert the warrant and to suppress evidence is in all respects denied. Defendant's motion for a bill of particulars is disposed of as set forth herein.

It is so ordered.