**UNITED STATES of America**

v.

**Thomas BURGIO, Eugene John Ervolino, a/k/a Johnny Ervolino, Stanley Levine, Defendants.**

**No. 67 Crim. 752.**

United States District Court
S. D. New York.

Feb. 14, 1968.

Robert M. Morgenthau, U. S. Atty., by Lars I. Kulleseid, Asst. U. S. Atty., Southern Dist. of New York, New York City, for United States.

Melvin D. Kraft, New York City, for defendant, Burgio.

MOTLEY, District Judge.

MEMORANDUM DECISION ON MOTION FOR SEVERANCE, BILL OF PARTICULARS, DISCOVERY

### I. Severance

Defendant Thomas Burgio moves for an order severing the trial of his case from the trial of his two co-defendants named in the indictment pursuant to which the three will be jointly tried.[1]

The indictment is in seven counts. In count one it is alleged that Burgio and his two co-defendants, along with two other persons not named as defendants, conspired to violate two mail fraud statutes, i. e., 18 U.S.C., §§ 1341 and 1342. Count one alleges the means by which the conspiracy was to be carried out and alleges that certain overt acts were done in furtherance of the alleged conspiracy.

In counts two through six, it is charged that Burgio and his two co-defendants devised a scheme to defraud Carte Blanche Corporation of Los Angeles, and others, and to obtain money and property from Carte Blanche, and others, by means of false and fraudulent pretenses, representations and promises. The means by which defendants and the co-conspirators were to carry out their conspiracy are realleged in counts two through six. The placing of certain matter in the mails on five specified dates for the purpose of executing the scheme to defraud is also alleged. Count seven realleges the facts constituting the scheme to defraud alleged in counts two through six. It then alleges that defendants, for the purpose of conducting by means of the mails the alleged scheme to defraud, used and assumed a fictitious name.

In support of his motion for a severance, defendant's counsel claims that a reading of count one demonstrates that Burgio is "at the outer rim" of the circle of conspirators. This claim is based solely upon the allegations in count one, paragraph 4. There it is alleged in subparagraph 4(a) to (d) several means by which defendants Eugene John Ervolino and Stanley Levine and the two co-conspirators were to carry out the conspiracy. As to defendant Burgio, it is alleged, in subparagraph 4(e), that he was to furnish defendant Eugene John Ervolino and co-conspirators Mary Quirk and Dorothy Reding a baptismal certificate and voter registration card. Defense counsel then claims that from the recitals in paragraph 4 "there is conspicuously omitted any allegation connecting up defendant Burgio with the scheming of the other defendants and co-conspirators". Defense counsel then concludes that 1) a jury would find it extremely difficult if not impossible to separate any peripheral acts which may be proven against Burgio from those acts and transactions

---

I. Rule 14, Fed.R.Crim.P., provides:

If it appears that a defendant or the government is prejudiced by a joinder of offenses or of defendants in an indictment or information or by such joinder for trial together, the court may order an election or separate trials of counts, grant a severance of defendants or provide whatever other relief justice requires. In ruling on a motion by a defendant for severance the court may order the attorney for the government to deliver to the court for inspection in camera any statements or confessions made by the defendants which the government intends to introduce in evidence at the trial.

proved against his co-defendants; and 2) to separate the testimony of each defendant witness "and consider such testimony solely against the declaring witness". Defense counsel then declares: "It is, therefore, apparent that, defendant Burgio will be prejudiced by being tried with the co-defendants". There is no allegation that any co-defendant has made any statement or confession. There is only the suggestion from the demand for a copy of the grand jury minutes that the two co-conspirators testified before the grand jury and may testify on the trial. It is not known whether the government will call these co-conspirators as witnesses but certainly they are not co-defendants.

 The court is of the view that counsel has misread the indictment. Burgio is clearly and unequivocally charged with conspiracy and with the doing of more than one overt act in the furtherance of that conspiracy and with the commission of the substantive crimes defined by 18 U.S.C. §§ 1341 and 1342. He is not at the "outer rim" of the conspiracy charged or the commission of the crimes alleged. His acts were not peripheral. Ordinarily, persons jointly charged are tried together in the public interest, especially where the charges may be proved against all defendants by substantially the same evidence. United States v. Lebron, 222 F.2d 531 (2d Cir.), cert. denied, 350 U.S. 876, 76 S.Ct. 121, 100 L.Ed. 774 (1955); United States v. Zim Israel Navigation Co., 239 F.Supp. 446 (S.D.N.Y.1965). This is particularly true in conspiracy cases. Cf. United States v. Lebron, supra; United States v. Crisona, 271 F.Supp. 150 (S.D.N.Y. 1967). In order for this court to exercise its discretion in granting a severance, substantial prejudice of some kind resulting to defendant Burgio from a joint trial must be shown. United States v. Cohn, 230 F.Supp. 587 (S.D.N.Y.), petition for mandamus denied sub nom., Application of Gottesman, 332 F.2d 975 (2d Cir. 1964). No prejudice of any kind has been shown here. The suggestion that there may be jury confusion

from the testimony of co-defendants is not enough. The matter of possible jury confusion can always be brought to the attention of the trial judge as well as any prejudice which might unexpectedly develop upon the trial from the introduction of a co-defendant's confession. Opper v. United States, 348 U.S. 84, 75 S.Ct. 158, 99 L.Ed. 101 (1964); Delli Paoli v. United States, 352 U.S. 232, 77 S.Ct. 294, 1 L.Ed.2d 278 (1957); United States v. Pilnick, 267 F.Supp. 791 (S.D.N.Y.1967). Since Burgio is charged with conspiracy, whether he is tried jointly with his co-defendants or alone, the evidence would be the same in either case. The motion for severance must, therefore, be denied on the ground that Burgio has failed to show any such prejudice as would lead this court, in this case, to set aside the public interest in joint trials and to order a severance.

II. *Bill of Particulars*

Defendant requests the following particulars, all of which are ordered furnished by the government:

5. (a) the date, or dates, times, and places [with street addresses] of the making of the conspiracy alleged in count one;

(b) Whether the baptismal certificate and voter registration card referred to in ¶4(e) at p. 3. of the indictment was used by Mary Quirk and Dorothy Reding in the commission of the offenses alleged in each count of the indictment, and if so, the manner in which used:

(c) whether the defendants or co-conspirators or any of them, obtained any money or property by reason of the offenses alleged in the indictment; and if so, 1) the identity of any of the defendants or co-conspirators who received such money or property, 2) the amount of money, or nature and value of the property each defendant or co-conspirator so obtained; 3) the name of the person or firm from whom received, and 4) the date of receipt.

 Rule 7(f), Fed.R.Crim.P., as amended February 28, 1966, permits the

court, in its discretion, to direct the filing of a bill of particulars. The notes of the Advisory Committee on Rules indicates that the effect of the amendment should be to cause a more liberal attitude toward bills of particulars than has been possible in the past. The purpose of a bill of particulars is to forestall surprise and to enable a person hailed into court upon mere accusation to prepare his case for trial. United States v. Glaze, 313 F.2d 757 (2d Cir. 1963). Knowledge of the time and place of the alleged crime, of the means employed to perpetrate the criminal deed, of the identities of co-conspirators, of the amounts of money co-conspirators received for their offense, and of the time of such receipt, is helpful, and perhaps vital, to the preparation of an accused's case. Otherwise, an innocent man may be reduced to professing his innocence and no more. The cases cited by the government, United States v. Lebron, 222 F.2d 531 (2d Cir.), cert. denied, 350 U.S. 876, 76 S.Ct. 121, 100 L.Ed. 774 (1955); United States v. Kahaner, 203 F.Supp. 78 (S.D.N.Y.1962); United States v. Roberts, 264 F.Supp. 622 (S.D.N.Y.1966); and more, do not limit this court's discretion or foreclose its decision. see United States v. Nomura Trading Co., 213 F.Supp. 704, 709 (S.D.N.Y.1963). Judge Tenney's observation is apt: "Since defendant is presumed innocent because of his plea of not guilty, it cannot be assumed that he knows the particulars sought and he can only be considered 'ignorant of the facts on which the pleader founds his charges.'" United States v. Tucker, 262 F.Supp. 305, 307 (S.D.N.Y.1966) (Government was directed to comply with the request for a bill of particulars seeking the name of the person with whom it will be claimed the alleged acts were committed; the names of all persons taking part in the transaction; and the names of persons who physically handled said consideration and the name of the person to whom

it was allegedly handed). And so, the path part of Judge Weinstein in United States v. Acarino, 270 F.Supp. 526 (E.D. N.Y.1967) in respect to item 5(a), (b), and (c) is pursued but request 5(d) is denied on the ground that it is a request to obtain a list of possible witnesses for the government.[2] United States v. Tucker, supra, 262 F.Supp. at p. 307; and United States v. Kelley, 254 F.Supp. 9 (S.D.N.Y.1966).

### III. *Motion For Discovery*

■■ Defendant requests this court to order the government to make available for inspection and copying any written statement of defendant Burgio after he was taken into custody. The defendant, contrary to the government's assertions and purported list of authorities, is entitled to a copy of any written statement or confession made by him. This is in line with the liberalized discovery policy behind the amendment to Rule 16, Fed.R.Crim.P., United States v. Gleason, 259 F.Supp. 282 (S.D. N.Y.1966).

The following requests have been consented to by the government:

(1) the alleged application, submitted to the Carte Blanche Corporation in order to obtain the alleged Carte Blanche credit card made out in the name of Maria Benguria;

(2) the Carte Blanche card made out in the name of Maria Benguria;

(3) the five letters addressed to Carte Blanche Corporation as alleged to have been mailed under counts 2 through 6, inclusive, of the indictment;

(4) the baptismal certificate and voter registration card referred to in paragraph 4(e) of the indictment.

■ The other requests of defendant, i. e., grand jury minutes of testimony of the co-conspirators, if they are to testify; names of the government's witnesses; written statements of co-conspirators, are denied. First, grand

---

**2.** 5(d) was a request for the names and addresses of all persons, be they defendants or co-conspirators, or others who have knowledge of the facts relating to the issues of intent to defraud, and the scheme to defraud.

jury minutes of the testimony of any witness or statements given to the government are not available until after the witness testifies at trial. United States v. Youngblood, 379 F.2d 365 (2d Cir. 1967); 18 U.S.C. § 3500; secondly, the government need not reveal its evidence or list its witnesses before trial. United States v. Tucker, supra.

So ordered.