**UNITED STATES of America**

**v.**

**Sid JOHNSON, also known as The Reverend; Whit Johnson, also known as Deuce; Leslie S. Kaplan; Curtis Allen; Joe Louis Beckom; Otis Marion; George Riley; Willie Rogers, also known as Elize Rogers; John Tabor; William Taylor and Jesse Ward.**

**No. 68 CR 523.**

United States District Court
N. D. Illinois, E. D.
March 27, 1969.

Charles A. Bellows, Chicago, Ill., for Leslie S. Kaplan.

Ronald P. Alwin, Chicago, Ill., for Sid Johnson.

Thomas H. Ramsey, Chicago, Ill., for Curtis Allen.

Joseph Garlovsky, Chicago, Ill., for Whit Johnson.

Jay A. Schiller, Chicago, Ill., for Jesse Ward.

Joseph A. Ettinger, Chicago, Ill., for Willie Rogers and Joe Louis Beckom.

Thomas A. Foran, U. S. Atty., Chicago, Ill., for plaintiff.

MEMORANDUM AND ORDER ON THE PRELIMINARY MOTIONS OF DEFENDANTS WHIT JOHNSON, LESLIE S. KAPLAN, WILLIE ROGERS, JOE LOUIS BECKOM, CURTIS ALLEN AND SID JOHNSON

ROBSON, District Judge.

This seventeen-count indictment was brought against eleven defendants. Counts One through Sixteen charge all of the defendants with devising a scheme to defraud numerous insurance companies and self-insured corporations by staging planned automobile and pedestrian accidents, and by thereafter presenting fraudulent claims by use of the United States mails, in violation of 18 U.S.C. § 1341. Count One sets forth the scheme. The defendants, and other persons induced by them, allegedly faked accidents and filed inflated claims in which they claimed to be victims of both legitimate and fabricated accidents. The defendants then caused the victims of these accidents to visit the offices of the defendant Leslie S. Kaplan, a licensed physician, who, as part of the scheme, prepared medical bills and reports reflecting nonexistent or inflated treatment and medication. The reports prepared by Dr. Kaplan also allegedly reflected nonexistent or inflated injuries. The defendants then allegedly submitted the false medical bills and reports to an attorney, insurance companies, and self-insured corporations named in the indictment. All of the defendants except Leslie S. Kaplan allegedly prepared false wage loss verifications arising out of the planned accidents.

These allegedly fraudulent claims were also submitted to an attorney, insurance companies, and self-insured corporations. Count One further charges that for the purpose of executing the alleged scheme, certain named defendants knowingly placed, or caused to be placed, in the United States mails, on a given date, a letter to a named addressee. Counts Two through Sixteen incorporate that portion of Count One setting forth the alleged scheme. Each of these subsequent counts sets forth a separate mailing, and each gives the date of the mailing, the particular defendants who deposited or caused the deposit of the letter in the United States mail, and the addressee. Count Seventeen charges each and every defendant with knowingly conspiring to commit the offenses set forth in Counts One through Sixteen, and sets forth certain alleged overt acts committed in furtherance of the conspiracy, in violation of 18 U.S.C. Section 371.

The defendants Whit Johnson, Leslie S. Kaplan, Willie Rogers, Joe Louis Beckom, Curtis Allen and Sid Johnson have submitted preliminary motions for this court's ruling.

### MOTIONS TO DISMISS THE INDICTMENT

■ The defendants Kaplan, W. Johnson, Rogers, Beckom and S. Johnson have moved this court to dismiss the indictment on the ground that it lacks specificity. However, an indictment is sufficient if it clearly sets forth the requisite elements and essential facts of the offense charged. Rule 7(c), Federal Rules of Criminal Procedure. The two essential elements of an offense under 18 U.S.C. § 1341 are formation of a scheme with intent to defraud, and the use of the United States mails in furtherance of the scheme. Strauss v. United States, 347 F.2d 691 (7th Cir. 1965); United States v. White, 355 F.2d 909 (7th Cir. 1966). The indictment outlines the scheme and specifically describes the mailings. Therefore, this court finds that the defendants are given sufficient information to enable them to prepare their defenses and to plead any judgment in bar of future proceedings. Friedman v. United States, 347 F.2d 697 (8th Cir. 1965); United States v. Shavin, 287 F.2d 647, 649, 90 A.L.R.2d 888 (7th Cir. 1961). The indictment clearly meets the standards of Rule 7(c), and the motions are denied.

■ The defendant W. Johnson contends that the indictment should be dismissed because of a delay between the commission of the offenses charged and the return of the indictment. The occurrences in question allegedly took place between November, 1964, and May, 1967. The indictment was returned on September 5, 1968. Prosecution must be initiated within five years of the alleged commission of a noncapital offense. 18 U.S.C.A. § 3282 (1954). The instant prosecution was clearly initiated within the period of limitations. The defendant has not shown any prejudice caused by the complained of pre-indictment delay. Absent such a showing, a lapse of time within the statute of limitations does not violate the defendant's rights, and the motion is therefore denied. United States v. Deloney, 389 F.2d 324 (7th Cir. 1968); United States v. Curry, 278 F.Supp. 508 (N.D.Ill.1967).

■ The defendant S. Johnson claims that the indictment should be dismissed because the Government is guilty of purposeful delay in initiating this prosecution. To substantiate this claim, the defendant Johnson asserts that one William Kaper was indicted on January 1, 1966 (66 CR 44), for allegedly violating the same mail fraud statute. After pleading *nolo contendere,* on May 13, 1966, Kaper received a suspended sentence, was placed on probation for two years, and fined $2,000. On March 8, 1967, Kaper's probation was terminated. The defendant S. Johnson states that he believes that prior to May, 1966, Kaper was working for the Government as an informer, and that the Government delayed the instant indictment in order to utilize Kaper's services and rehabilitate

him so that he would appear more credible as a Government witness. These conclusory allegations fail to establish bad faith or purposeful delay on the part of the Government. The offenses charged occurred over a three and a half year period, continuing until May, 1967. Investigation of the numerous incidents of mail fraud allegedly perpetrated by the eleven defendants necessarily involved a great deal of time. This court does not find that a year and several months can be construed as an unreasonable or purposeful delay in light of the investigation incident to the preparation of this case. Nor does this court find that an allegation that the Government utilized the services of an informant as a part of this investigation establishes wrongful delay or bad faith. Courts are reluctant to read wrongful motivation into the exercise of prosecutorial discretion in the face of only conclusory allegations. *E. g.*, United States v. Hanrahan, 255 F.Supp. 957, 961 (D.D.C.1966), aff'd Tynan v. United States, 126 U.S. App.D.C. 206, 376 F.2d 761 (1967), cert. den. 389 U.S. 845, 88 S.Ct. 95, 19 L.Ed. 2d 111 (1967); United States v. Dichiarinte, 385 F.2d 333 (7th Cir. 1967).

■■ The defendant Kaplan alleges that the indictment should be dismissed because the sixteen separate counts "fragmentize" the indictment. In order to determine whether just one offense or multiple offenses are charged, the court must ascertain whether each count requires proof of an additional fact which the others do not so require. Harris v. United States, 237 F.2d 274, 276 (8th Cir. 1956); Creed v. United States, 283 F.2d 646 (10th Cir. 1960). Each count of this indictment requires proof not common to the others, and the motion is therefore denied.

### MOTIONS FOR BILLS OF PARTICULARS

■ The defendants S. Johnson, W. Johnson, Kaplan and Allen have moved this court for extensive bills of particulars relating to the defendants' implementation of the alleged scheme, evidentiary details concerning the Government's case, and prospective Government witnesses. These requests do not clarify the charges contained in the indictment, but rather seek disclosure of the Government's evidence prior to trial. See United States v. Crisona, 271 F.Supp. 150, 155–157 (S.D.N.Y.1967). It is within the discretion of the court to deny requests for evidentiary details. United States v. Wells, 387 F.2d 807 (7th Cir. 1968); United States v. Micele, 327 F. 2d 222 (7th Cir. 1964). Therefore, these portions of the motions are denied.

■ The defendants seek transcriptions or reports prepared by Government witnesses concerning conversations made during the life of the scheme. Such statements are not subject to production until the witnesses have testified at trial. 18 U.S.C. § 3500. These requests are therefore denied.

■ The defendants Kaplan and W. Johnson have requested the criminal records, if any, of the codefendants and of the Government's prospective witnesses. These requests are beyond the scope of a bill of particulars, and are therefore denied. Rule 7(c), Federal Rules of Criminal Procedure.

### MOTIONS FOR SEVERANCE

■ The defendants have moved this court for severances and for relief from prejudicial joinder. The court finds that the defendants were properly joined under Rule 8(b), Federal Rules of Criminal Procedure, which allows joinder where the defendants are alleged to have participated in the same act or transaction constituting an offense. Severance of defendants under Rule 14, Federal Rules of Criminal Procedure, is within the discretion of the trial court. United States v. Kahn, 381 F.2d 824, 838 (7th Cir. 1967); Opper v. United States, 348 U.S. 84, 95, 75 S.Ct. 158, 99 L.Ed. 101 (1954). Where proof of the charges against the defendants is dependent upon the same evidence, as is the case here, severance should not be granted except for the "most cogent reasons." United States v. Kahn, *supra*; United

States v. Smith, 209 F.Supp. 907, 914 (E.D.Ill.1962); United States v. Burgio, 279 F.Supp. 843, 845 (S.D.N.Y.1968). Substantial prejudice has not been shown by any of the defendants, and the motions are therefore denied.

■■■■ The defendant Kaplan asserts, as a ground for severance, that the codefendants may be called as witnesses against him. The Government may not call *any* defendant as its own witness. U.S.Const. Amend. V. The defendant Kaplan further asserts that his defense and those of the codefendants are antagonistic. This allegation is insufficient to compel severance where the charges against all the defendants result from the same series of acts or transactions, may be proven by the same evidence, and there has been no factual showing of prejudice. United States v. Lebron, 222 F.2d 531 (2nd Cir. 1955), cert. den. 350 U.S. 876, 76 S.Ct. 121, 100 L.Ed. 774 (1955); United States v. Van Allen, 28 F.R.D. 329 (S.D.N.Y.1961).

■■■■ The defendants Kaplan, Rogers, Beckom, W. Johnson and Allen claim that severance is required because their codefendants have made statements to the Government. This is an insufficient ground for compelling severance. United States v. Glasser, 116 F.2d 690, 701 (7th Cir. 1941); United States v. Kramer, 355 F.2d 891, 899 (7th Cir. 1966), rev'd in part on other grounds, 384 U.S. 100, 86 S.Ct. 1366, 16 L.Ed.2d 396 (1966). The defendants have not shown this court that, should any such statements be offered into evidence, proper limiting instructions or, if necessary, a careful editing by the court would not eliminate any prejudicial effects upon the other defendants. See Delli Paoli v. United States, 352 U.S. 232, 77 S.Ct. 294, 1 L.Ed.2d 278 (1957).

■■■■ The defendants Rogers, Beckom and W. Johnson seek severance because a joint trial will allegedly frustrate their desire to call certain codefendants as witnesses. This unsubstantiated allegation is inadequate to compel severance. Gorin v. United States, 313 F.2d 641 (1st Cir. 1963); Smith v. United States, 385 F.2d 34 (5th Cir. 1967); Kolod v. United States, 371 F.2d 983 (10th Cir. 1967). None of the defendants have shown, nor even asserted that (1) the testimony of any other defendant would exculpate him, or that (2) any other defendant would be more likely to testify on his behalf if he were tried separately. *E. g.*, United States v. Echeles, 352 F.2d 892, 898 (7th Cir. 1965).

■■■■ The defendant W. Johnson indicates that he may be forced to assert his privilege against self-incrimination should he be called as a witness by a codefendant. This, also, is a purely speculative assertion, insufficient to compel severance.

■■■■ The defendant Kaplan claims prejudicial joinder because he is not named in all the counts of the indictment. However, the same evidence must be produced in any trial of the defendants on both the substantive counts and the conspiracy count. The defendant Kaplan was allegedly an integral part of the underlying scheme to defraud. Separate trials would be a burden upon the court, the juries, the witnesses and the Government. The defendant has not shown this court that such a considerable burden would be overbalanced by resulting prejudice to him. United States v. Kahn, 381 F.2d 824 (7th Cir.1967).

■■■■ The defendant W. Johnson claims he will be prejudiced by trial with persons who have criminal records. This assumes that the codefendants will take the stand or will introduce evidence of their good character. Even assuming this, introduction of the criminal records of a codefendant is not *per se* a ground for severance. United States v. Turner, 274 F.Supp. 412 (E.D.Tenn.1967); United States v. Hanlin, 29 F.R.D. 481 (W.D.Mo.1962).

■■■■ The defendants Rogers and Beckom claim that they will be prejudiced by the volume of testimony to be presented at trial, and, further, that it will be impossible for the jury to segregate and set apart particular evidence as

to them. However, the court finds that the subject matter of the indictment is not of such a complex or technical nature as to make the jury's task of separately assessing the evidence relating to each defendant impossible or unduly complex. United States v. Kramer, *supra*, 355 F.2d at 899. The defendants have failed to carry their burden of showing this court that they will not be able to obtain a fair trial if severance is not obtained. United States v. Haim, 218 F.Supp. 922 (S.D.N.Y.1963); Hall v. United States, 83 U.S.App.D.C. 166, 168 F.2d 161, 4 A.L.R.2d 1193 (1948), cert. den. 334 U.S. 853, 68 S.Ct. 1509, 92 L.Ed. 1775 (1948).

■ Finally, the defendants Rogers and Beckom allege that they will be prejudiced because of the publicity and notoriety that the trial will receive. They do not offer any substantiation for this allegation, nor do they make any showing of possible prejudice. Without such a showing, a mere allegation of prejudicial publicity is insufficient to compel a severance. United States v. Kahn, 381 F.2d 824 (7th Cir.1967); United States v. Tanner, 279 F.Supp. 457 (N.D.Ill.1967).

## MOTIONS FOR DISCOVERY AND INSPECTION

The defendants Kaplan, Rogers, Beckom, W. Johnson, and S. Johnson have moved this court for discovery and inspection pursuant to Rule 16, Federal Rules of Criminal Procedure. The Government has agreed to produce a number of the matters requested. Government's Answer to Preliminary Motions, pp. 9–10; Government's Supplemental Answer, p. 2. Only those requests remaining for this court's ruling will be discussed.

■ The defendant Kaplan moves to inspect and copy all books, records, X-ray reports, and documents which he alleges were seized from his office by the Government (Paragraph 3). The Government has not responded to this request specifically. A determination of what, if anything, was taken from his office clearly appears to be material to the preparation of the defendant Kaplan's defense, particularly in view of his motion to suppress pending before this court. If any such items are in the Government's possession, it is entirely reasonable that the Government be required to produce them for purposes of discovery and inspection. Rule 16(b), Federal Rules of Criminal Procedure. Therefore, this portion of the defendant Kaplan's motion is granted.

■ The defendant Allen moves to inspect and copy wage verifications, medical bills and reports pertinent to his alleged participation in any accident which is the subject matter of this indictment (Paragraph 10). This particularized request also appears to meet the requisite Rule 16(b) standards of materiality and reasonableness, and this portion of the defendant Allen's motion is therefore granted.

The defendant S. Johnson moves to inspect and copy *inter alia*, the letters (and envelopes in which they were contained) referred to in Count I, paragraph 14, and Counts II through XVI of the indictment (Paragraph 3a); all medical bills and reports referred to in paragraph 10 and 11 of Count I of the indictment (Paragraph 3b); all wage loss verifications referred to in paragraphs 12 and 13 of Count I of the indictment (Paragraph 3c). With the exception of the letters referred to in Counts III, IV, VII, IX, X, XI, XII, XIV, XV and XVI in which the defendant S. Johnson is not named, these particularized requests also appear to meet the requisite Rule 16(b) standards of materiality and reasonableness. The remaining portions of these requests are therefore granted.

■ In order to show the materiality of his request for "documents purporting to show defendant's criminal records," the defendant S. Johnson's attorney has represented to this court that

"[n]otwithstanding the fact that defendant may reasonably be presumed to be acquainted with his own prior criminal record, if any, he is un-

schooled in law and is unable to determine whether prior charges against him were or were not felonies, and he is unable to remember case numbers or otherwise provide counsel with information necessary to an intelligent determination as to whether or not he should testify at the trial. \* \* \*"

Upon counsel's representations, this court finds that materiality has been shown. The Government is therefore ordered to produce for discovery and inspection the defendant S. Johnson's F.B.I. "rap sheets."

 The movants request that they be allowed to have all records and other documents relating to their own and their codefendants' criminal records, and the criminal records of Government witnesses. The defendant W. Johnson's requests even include, but are not limited to, official records of arrest, conviction, acquittal, probation, incarceration and parole proceedings. These requests appear to be neither material to the preparation of any particular defendant's defense nor reasonable, as they involve production of extensive internal government documents. Furthermore, such requests have been held to exceed the scope of Rule 16. Hemphill v. United States, 392 F.2d 45 (8th Cir. 1968). See also United States v. Cobb, 271 F. Supp. 159, 162 (S.D.N.Y.1967). This court observes that for purposes of cross-examining a witness at trial, it may well become relevant to inquire into his possible criminal background. Under the rationale of Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), the Government would be obligated to come forward with such a witness's criminal records. See United States v. Tanner, 279 F.Supp. 457, 471–472 (N.D.Ill.1967). These motions are therefore denied at this time.

 The movants seek names and addresses of witnesses to the occurrences charged in the indictment or to their own or their codefendants' statements. Statements made by witnesses for the Government are not required to be produced until after each witness testifies at trial. 18 U.S.C. § 3500; United States v. Burgio, 279 F.Supp. 843 (S.D.N.Y.1968). The Government need not reveal a list of its witnesses before trial in a noncapital case. United States v. Tucker, 262 F.Supp. 305, 307 (S.D.N. Y.1966); United States v. Margeson, 261 F.Supp. 628, 629 (E.D.Pa.1966); United States v. Cudia, 346 F.2d 227, 229 (7th Cir. 1965). Therefore, these motions are denied.

 The movants seek wholesale discovery of all documents which the Government intends to introduce at trial, and all books, papers, documents and tangible objects in the Government's possession. The requisite showing of materiality and reasonableness has not been made. The defendants are merely attempting to discover all of the Government's evidence in advance of trial. Therefore, these motions are denied. Rule 16(b), Federal Rules of Criminal Procedure; United States v. Smith, 209 F.Supp. 907, 913 (E.D.Ill.1962).

## MOTIONS FOR PRODUCTION OF GRAND JURY MINUTES

The defendants S. Johnson, W. Johnson, Rogers, Beckom and Allen seek the Grand Jury minutes relating to any offense charged in the indictment. The Government has agreed to tender the testimony of the defendant Rogers, but states that it has no transcribed testimony for the other defendants. The Government further states that should any government witness have testified before the Grand Jury, such testimony will be produced in accordance with 18 U.S. C. § 3500. Therefore, these motions are denied.

## MOTIONS TO STRIKE SURPLUSAGE

 The defendants S. Johnson and W. Johnson request that the aliases pertaining to them be struck from the indictment. The Government states that it will prove the use of these aliases and show their use in the context of the indictment. Therefore, the motions are

denied. United States v. Melekh, 193 F.Supp. 586, 595–596 (N.D.Ill.1961).

## MOTIONS TO PRODUCE

The defendants have moved for production of favorable evidence pursuant to Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963). The Government has denied that it now has such evidence or information but has agreed to tender any such information to the defendants if it is subsequently acquired.

## MOTIONS TO PRESERVE EVIDENCE

The defendants have requested and the Government has agreed to preserve and retain any evidence which may come into its possession.

## MOTIONS FOR DISCLOSURE OF ELECTRONIC EAVESDROPPING

The defendants have requested disclosure of any electronic eavesdropping. The Government states that no wiretapping or electronic eavesdropping was conducted in the investigation of this case. Therefore, the motions are denied.

## MOTIONS TO SUPPRESS

The defendant S. Johnson has moved this court to suppress any statements taken from him in violation of his constitutional rights. The Government denies that any statements were taken in such a manner and requests a hearing of this matter prior to trial. The defendant Kaplan has also moved to suppress medical reports and X-ray films allegedly taken from his office without his authorization. Therefore, the court will hold a hearing on the motions to suppress immediately prior to trial.

## ORDER

It is therefore ordered that the motions to dismiss the indictment, the motions for severance, the motions for production of Grand Jury minutes, the motions to produce, the motions to strike surplusage, the motions to preserve evidence, and the motions for disclosure of electronic eavesdropping be, and they are hereby denied.

It is further ordered that the motions for discovery and inspection be, and they are hereby granted in part and denied in part.