**UNITED STATES of America**
v.
**Harmond E. GENSTIL.**
Crim. No. 62–69.
United States District Court
D. Massachusetts.
May 24, 1962.

W. Arthur Garrity, U. S. Atty., Wm. C. Madden, Asst. U. S. Atty., Boston, Mass., for plaintiff.

Joseph E. Levine, Boston, Mass., for defendant.

CAFFREY, District Judge.

Defendant was indicted in a three-count indictment charging him with violations of 26 U.S.C.A. § 7206(1) in Count

---

One, and 26 U.S.C.A. § 7206(5) (B) in Counts Two and Three, in that he willfully and knowingly filed false statements in writing, on three different dates, with officials of the Internal Revenue Service.

 After a plea of not guilty, defendant filed a motion for a bill of particulars. At the oral argument of this motion, counsel for the Government voluntarily offered to provide counsel for defendant with photostatic copies of the documents referred to in each of the three counts of the indictment. The furnishing of these documents obviates any double jeopardy danger which might otherwise arise if defendant were prosecuted for filing these same statements under 18 U.S.C.A. § 1001, or other available statutes. Remmer v. United States, 205 F.2d 277, 281 (9 Cir. 1953); Butzman v. United States, 205 F.2d 343, 348 (6 Cir. 1953).

Defendant also seeks, as to Count One, the names of the banks or other financial institutions with whom he is alleged to have done business; the nature and details of the receipts, with dates, alleged to have been received by the defendant during the previous twelve months; and the nature and details of the disbursements (with dates) alleged to have been made by defendant during the preceding twelve months.

 With regard to Count One, the Government is directed to furnish defendant with the names and addresses of the banks or other financial institutions with whom defendant is alleged to have done business, and the name and address of any person from whom defendant is alleged to have received payments or to whom defendant is alleged to have made disbursements, during the twelve-month period referred to in Count One of the indictment.

 Defendant seeks, as to Count Two, minute details with regard to the allegations made therein. It might be well to remind counsel for defendant that the function of a bill of particulars is not to require the Government to reveal its entire case or to disclose all of its evidence in advance of trial. Cooper v. United States, 282 F.2d 527 (9 Cir. 1960).

With regard to Count Two, the Government is directed to furnish defendant with a list of "other assets" alleged to be owned directly or indirectly by defendant in said Count; and to furnish defendant with a list of "other liabilities" referred to in said Count; and to furnish defendant with a list of "other assets * * * disposed of for less than full value" during the twelve month period immediately prior to April 1, 1960.

Defendant's motion for a bill of particulars as to Count Three is denied.