Irving Burton NESSON, Defendant, Appellant,

v.

UNITED STATES of America, Appellee.

No. 6988.

United States Court of Appeals First Circuit.

Feb. 2, 1968.

**604**

S. Roy Remar, Boston, Mass., for appellant.

David M. Roseman, Asst. U. S. Atty., with whom Paul F. Markham, U. S. Atty., was on the brief, for appellee.

Before ALDRICH, Chief Judge, McENTEE and COFFIN, Circuit Judges.

PER CURIAM.

The defendant was charged in a five-count indictment with intent to defeat the bankruptcy laws by knowingly and fraudulently transferring and concealing certain assets. 18 U.S.C. § 152. Each count recited that involuntary bankruptcy proceedings were filed against him as an individual proprietor doing business as Fiesta Furniture Company on April 3, 1962. The five counts related to various dates in the preceding three weeks. Defendant was found guilty on all five counts and given concurrent sentences. On this appeal he alleges that the evidence was insufficient to convict; that the court erred in permitting the impeachment of his testimony by the evidence of a prior conviction, and erred in denying a motion for bill of particulars.

■ The first count alleges that, following bankruptcy, the defendant fraudulently failed to inform the trustee of the existence of a certain sum of money previously received from a named finance company. The other four assert that shortly prior to bankruptcy, with fraudulent intent, he concealed certain sums of money in contemplation of bankruptcy. With respect to the first count, the contention that because defendant believed he was not entitled to a discharge he had no intent to deceive is peculiarly unpersuasive. So also on the evidence is the claim on the other counts that he did not anticipate bankruptcy. We have rarely seen stronger evidence of anticipation. Nor was the jury unwarranted in disbelieving defendant's explanation why he cashed five checks at five different times in the three weeks before bankruptcy at a bank other than his own, totalling over $6,000, with no proceeds put in his own bank, and with no records or mention furnished to the trustee. Defendant's testimony as to whether or not he kept any records is highly equivocal. The contention that a conviction was unwarranted is without merit.

■ With respect to the bill of particulars we may agree with the defendant that in the light of the recent amendment to Rule 7(f) of the Federal Rules of Criminal Procedure and its history, district courts should now approach motions for bills of particulars with more liberality than has sometimes, but not always, United States v. Genstil, D.Mass., 1962, 205 F.Supp. 604, been the custom. United States v. Tucker, S.D.N.Y., 1966, 262 F.Supp. 305. We might also agree that the court or government was unnecessarily restrictive in this case. However, each count of the indictment gave the dollar amount, and the date, and Count 1 named the payor. While it would have been better for the government to have disclosed certain record information which might have aided the defendant in his defense, it seems reasonably apparent from an examination of the transcript that the defendant did not avail himself of what information he did have, and was not as surprised as he claims on this appeal. For this and other reasons we are not prepared in this case to find prejudicial error.

What we recently said in Ciravolo v. United States, 1 Cir., 1967, 384 F.2d 54, disposes of the impeachment issue. The defendant cannot justifiably object to the introduction of a certified record of a conviction for larceny of currency "of the aggregate value of more than one hundred dollars" under Mass. G.L. ch. 266, § 30.

Affirmed.