Robert Samuel STRAUSS, Petitioner-
Appellant,

v.

UNITED STATES of America,
Respondent-Appellee.

No. 14879.

United States Court of Appeals
Seventh Circuit.

June 16, 1965.

E. Paul Lanphier, Chicago, Ill., for appellant.

Edward V. Hanrahan, U. S. Atty., John Peter Lulinski, John Powers Crowley, Erwin I. Katz, Richard J. Phelan, Asst. U. S. Attys., Chicago, Ill., for appellee.

Before SCHNACKENBERG, KNOCH and CASTLE, Circuit Judges.

CASTLE, Circuit Judge.

Robert Samuel Strauss, petitioner-appellant, was convicted, following his plea of guilty, on a six-count indictment charging him with mail fraud in violation of 18 U.S.C.A. § 1341 by using the mails in furtherance of a scheme he devised to defraud the relatives and next of kin of certain named deceased persons. The District Court imposed a five-year sentence, the execution of which it suspended, and placed petitioner on probation. The probation was subsequently revoked and petitioner entered upon service of the sentence. Thereafter, on October 7, 1964, the District Court denied a motion filed by petitioner pursuant to 28 U.S.C.A. § 2255 to set aside and vacate the sentence. The motion asserts the insufficiency of the indictment to charge an offense and the main contested issue presented by petitioner's appeal from its denial is whether the indictment in classifying those to be defrauded as the relatives and next of kin of named deceased persons charges an offense with that specificity which meets the test recognized as the standard by which the validity of an indictment and its sufficiency to support a conviction are to be measured.

Each count of the indictment specifically sets forth the date of the mailing and the name of the deceased person to whom a bible, imprinted with the name of such

deceased in gold type on the front cover, and a covering invoice were mailed. The succeeding counts incorporated the allegations of the first count setting forth the scheme and artifice to defraud and to obtain money by means of false and fraudulent pretenses and representations through the mailing of such bibles and invoices to the names and addresses of deceased persons obtained from newspaper obituary columns with a statement on the invoices that: "Here is the bible you ordered, personalized with your name in 24k gold." It is further alleged that the statement in the invoices would be false in that the deceased persons would not have ordered the bibles, and that the bibles and invoices were sent for the purpose of inducing the next of kin and relatives to remit money to the defendant in the mistaken belief that the deceased persons had in fact ordered the bibles.

In connection with whether the sufficiency of an indictment is subject to attack in a § 2255 proceeding this Court has stated the rule to be that an indictment is not open to collateral attack under § 2255 unless it fails to charge an offense under any reasonable construction. United States v. Koptik, 7 Cir., 300 F.2d 19, 22. In United States v. Shelton, 7 Cir., 249 F.2d 871, 874, it was stated:

> "On a motion to vacate the sentence under Section 2255, the sufficiency of the indictment cannot be questioned, unless it is so defective on its face as not to charge an offense under any reasonable construction. [citations]."

The indictment here involved set forth the two necessary elements for a violation of 18 U.S.C.A. § 1341—the formation of a scheme with an intent to defraud, and the use of the mails in furtherance of that scheme. United States v. Shavin, 7 Cir., 287 F.2d 647, 649, 90 A.L.R.2d 888. And, it clearly informed the petitioner of that with which he was accused, so as to enable him to prepare his defense and to plead the judgment in bar of any further prosecutions for the same offenses. United States v. Debrow, 346 U.S. 374, 377-378, 74 S.Ct. 113, 98 L.Ed. 92; Hagner v. United States, 285 U.S. 427, 431, 52 S.Ct. 417, 76 L.Ed. 861.

Unlike Larkin v. United States, 7 Cir., 107 F. 697, relied upon by petitioner, the scheme alleged here was not to defraud definite individuals with whom it was intended to open correspondence but was to reach into the future and defraud the relatives and next of kin of persons thereafter dying, who, except for that broad description were unidentifiable at the time the scheme was devised. Thus, the rationale of our decision in United States v. Unger, 7 Cir., 295 F.2d 889, in which it was pointed out that the individuals upon whom the fraud was attempted were not ascertainable as specific persons at the time the scheme was devised except by class, is dispositive of the issue here involved. Lauer v. United States, 7 Cir., 320 F.2d 187, cited by petitioner is inapposite. It recognized the rule applied in Unger. Moreover, Lauer was overruled in Collins v. Markley, Warden, 7 Cir., 346 F.2d 230, decided May 11, 1965.

We conclude that the indictment is not subject to attack in a Section 2255 proceeding and that the District Court did not err in denying petitioner's motion invoking that section. And, as the infirmity of the motion was apparent from the files and records of the case it was not necessary for the court to grant a hearing thereon.

Court appointed counsel, Mr. E. Paul Lanphier of the Chicago bar, is deserving of the Court's commendation and thanks for the services he has rendered the petitioner in this appeal.

The order of the District Court is affirmed.

Affirmed.