Burton MORGAN and Margaret
Morgan, Plaintiffs,

v.

BANK OF WAUKEGAN, et
al., Defendants.

No. 84 C 6251.

United States District Court,
N.D. Illinois, E.D.

Aug. 28, 1985.

Ditkowsky & Contorer, Chicago, Ill., for plaintiffs.

Michael L. Sherman, Chicago, Ill., for defendants.

## MEMORANDUM OPINION AND ORDER

SHADUR, District Judge.

Margaret and Burton Morgan ("Morgans") have sued a diverse group of defendants, seeking to ground federal jurisdiction in the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1961–1968,[1] and adding several pendent state claims. Various of the defendants have moved to dismiss the Third Amended Complaint (the "Complaint") under Fed.R.Civ.P. ("Rule") 12(b)(6). Because the fourth time has not proved the charm, the motion is granted.

This Court's opinions normally begin with a statement of the facts. On Rule 12(b)(6) motions, the "Facts" section is invariably footnoted with the following statement or one much like it:

> As always with respect to a motion to dismiss, the well-pleaded factual allegations of the Complaint are taken as true, with all reasonable factual inferences drawn in plaintiff's favor. *Wolfolk v. Rivera*, 729 F.2d 1114, 1116 (7th Cir. 1984). That approach of course involves no actual findings of fact.

That task is really impossible here, for whatever else may be said of the Complaint, it is not "well-pleaded." Morgans' counsel has followed three earlier sprawling and unintelligible efforts at pleading a civil RICO cause of action with a current version that is little improved and does not permit of ready analysis.

This Court is of course fully aware of its responsibilities in reading a complaint under *Hishon v. King & Spalding*, 467 U.S. 69, ——, 104 S.Ct. 2229, 2233, 81 L.Ed.2d

1. All further references to RICO provisions will simply take the form "Section—."

59 (1984) (reconfirming the principles of *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957)). But Rule 8(a) still requires of a complaint "a short and plain statement of the claim showing that the pleader is entitled to relief," modified only (where as here the heart of the Complaint lies in fraud charges) that "the circumstances constituting fraud ... shall be stated with particularity" (Rule 8(b)). See, e.g., *Tomera v. Galt,* 511 F.2d 504, 508 (7th Cir.1975). And lawyering is after all the job of the lawyer, not the Court, in the first instance. If a lawyer seeking to invoke civil RICO has difficulties with its statutory roadmap (referred to by Judge Posner in *Sutliff, Inc. v. Donovan Cos.,* 727 F.2d 648, 652 (7th Cir.1984) as "constructed on the model of a treasure hunt"), he or she need only refer to a solid law review treatment that provides a checklist as to what must be alleged.[2]

▌ In this case this Court issued a short August 6, 1984 memorandum opinion and order dismissing the initial complaint and attempting to steer counsel in the right direction. Thereafter, loath to expend further effort in writing unless and until counsel restructured the complaint in manageable form, it has ruled orally—most recently dismissing the Second Amended Complaint and referring counsel to the then-brand-new law review article cited in n. 2 of this opinion. Yet counsel has *still* not provided any meaningful designation of the "enterprise" involved, and hence just how the charged "persons" are connected to that enterprise, in the manner required to state a Section 1964(c) cause of action based on a violation of Section 1962(a) or 1962(c).

That failure, plus a recognition of the proper division of labors between counsel and court, would be enough to send Morgans back to the drawing board. But a critical intervening event, the definitive ruling on other aspects of civil RICO by the Supreme Court in *Sedima, S.P.R.L. v. Imrex Co.,* —— U.S. ——, 105 S.Ct. 3275, 87 L.Ed.2d 346 (1985), occasions this expansion on what has already been said to Morgans' counsel more than once.

There is no gainsaying much of the federal judiciary has had a feeling of unease about the broad sweep of civil RICO.[3] No other explanation suggests itself, for example, for the extraordinary tour de force in which the Court of Appeals for the Second Circuit (albeit in a group of sharply-split decisions) constructed such imaginary requirements as the one demanding a defendant to have been criminally convicted of a RICO violation as a prerequisite to liability under civil RICO—an aberration it took the Supreme Court to correct in *Sedima.* And that was only one of the manifestations of discomfort of federal judges at the notion Congress had, somehow unwittingly, created federal question jurisdiction over what had traditionally been state court preserves —"garden-variety fraud" implemented (as it would almost invariably be) by mailings or by interstate-commerce-connected telephone usage.

As often happens, the sense of disquietude—the nagging sense that something is wrong, though it is difficult to put a finger on just what—was sound, even though the perceived ailment was mistaken. *Sedima,* 105 S.Ct. at 3285 n. 14 and 3287 (though in dictum) supplied the clue that the courts had been mistaken in viewing two mailings—a *necessary* ingredient under Section 1961(5) of a "pattern of racketeering activity" violating Section 1962—as a *sufficient* condition to establish such a "pattern."

---

2. One good source (though antedating the Supreme Court's *Sedima* decision referred to later in this opinion) is Miller and Olson, *Recent Developments in Civil RICO,* 8 Corp.L.Rev. 35 (1985).

3. This Court should hasten to add it does not number itself as part of that body of judges. Both in its large number of opinions in the field and in its lecturing and panel participation at

civil RICO seminars and workshops, it has consistently expressed the view it is for Congress—not for courts via judicial legislation—to curtail the application of RICO if it were found too broad. Unless and until Congress acts, a literal application of the statute—neither niggardly nor overexpansive—has been and continues to be the proper judicial response.

This Court has recently responded to the Supreme Court's invitation for "the courts to develop a meaningful concept of 'pattern'" (*Sedima,* 105 S.Ct. at 3287) in *Northern Trust Bank/O'Hare, N.A. v. Inryco, Inc.,* 615 F.Supp. 828 (N.D.Ill. 1985), and it will continue to do so here.

 As already stated, it is hard to decipher precisely what Morgans' cause of action is when sought to be placed in the RICO matrix. But as best this Court can determine, Morgans' claim is that somehow the 1978 sale to them of a 20% interest in what they call the "venture"—certain drug stores—was part of a plot to divest Morgans of both their initial cash investment and their home (put up as security for the loans obtained to provide further capital for the "venture"). If this Court assumes (as it must in its efforts to read the Complaint) all the alleged conspirators engaged in a single plot, though spread over several years from its hatching in 1978 to its coming to fruition in 1982, Morgans have not satisfied the "pattern of racketeering activity" requirement as articulated in *Inryco,* 615 F.Supp. at 831–33.

There may be one other possibility that has occurred to this Court, though it is not even hinted at in Morgans' four efforts to state their claim. If the complained-of acts were somehow said to represent "repeated criminal *activity,* not merely repeated *acts* to carry out the *same* criminal activity" (*id.* at 831), thus perhaps meeting the "pattern" requirement,[4] it would appear highly likely much if not most of the earlier activity would be outlawed by limitations.[5] In any event Morgans cannot really have it both ways, and there is at least a substantial likelihood—judging by their performance to date—they may not have it either way, at least in federal jurisdictional terms.

Morgans' RICO claim as asserted in the Complaint is accordingly dismissed. Because they have shown no ability to state such a claim despite repeated efforts, and because their other claims are wholly pendent, lacking an independent basis for federal jurisdiction, the entire Complaint and this action are accordingly dismissed. By definition such dismissal is without prejudice to Morgans' right to pursue their claims in a court of competent jurisdiction.

---

**4.** This hypothetical assumption should not be mistaken for a holding to that effect. First, it is difficult (and really inappropriate) for this Court to essay such radical surgery, reconstructing what Morgans appear to have claimed from the outset of this litigation. Second, without knowing just what form that reconstruction might take, it is certainly not for this Court to

render an advisory opinion on the "pattern" issue.

**5.** Though this Court has not yet spoken to the civil RICO limitations question (and this footnote is not intended to do so), counsel's attention is called to Judge Hart's decision in *Electronic Relays (India) Pvt. Ltd. v. Pascente,* 610 F.Supp. 648 (N.D.Ill.1985).