**William S. SMITH, Jr., et al.**

v.

**COOPER/T. SMITH CORPORATION, et al.**

**Civ. A. No. 85–3231.**

United States District Court, E.D. Louisiana.

Dec. 30, 1986.

Gregory F. Gambel, New Orleans, La., William H. Jeffress, Jr., and J.R. Caldwell, Washington, D.C., for plaintiffs.

Harry A. Rosenberg, Phelps, Dunbar, Marks, Claverie and Sims, New Orleans, La., Norman E. Waldrop, Jr., Armbrecht, Jackson, DeMouy, Crowe, Holmes and Reeves, Mobile, Ala., John M. McCollam, and Ewell E. Eagan, Gordon, Arata, McCollam, Stuart and Duplantis, New Orleans, La., James P. Linn, Linn and Helms, Robert S. Keer at Robinson, Oklahoma City, Okla., Harvey C. Koch, Koch and Rouse, New Orleans, La., for defendants.

### MEMORANDUM OPINION

MENTZ, District Judge.

Cooper/T. Smith Corporation, joined by James E. Smith, Sr., James R. Moffett, Lawrence A. Merrigan, and John G. Amato, have moved for a partial summary judgment on the RICO portion of this suit as well as the Louisiana Unfair Trade Practices and Consumer Protection Act. At the motion hearing on December 10, 1986, the Court granted the motion insofar as the UTPA, reserving its ruling as to the RICO issue. The defendants orally agreed to accept as correct for the purposes of this summary judgment motion, the facts listed by plaintiffs (non-movers) as contested.

Movers contend that plaintiffs have failed to show the requisite "pattern of racketeering activity" and thus, defendants are entitled to judgment as a matter of law. Defendants contend that the Debt Modification Agreement of 1984 is a single incident and cannot suffice as a basis for es-

tablishing the predicate acts required to establish a "pattern of racketeering activity." The Supreme Court pointed out in *Sedima v. Imrex,* 473 U.S. 479, 105 S.Ct. 3275, 87 L.Ed.2d 346 (1985), that proof of two acts of racketeering activity, without more, does not establish a pattern.

In his exhaustive opinion in *Louisiana Power and Light Company v. United Gas Pipeline Company,* 642 F.Supp. 781 (E.D. La.1986), Judge Livaudais stated at page 808 that there are essentially three positions taken by the courts as to what the continuity and relationship elements of the "pattern" requirement mean as follows:

(1) a showing of multiple illegal schemes, *see Northern Trust Bank/O'Hare N.A. v. Inryco, Inc.,* 615 F.Supp. 828 (N.D.Ill.1985); *Superior Oil Co. v. Fulmer,* 785 F.2d 252 (8th Cir.1986);

(2) a showing of two predicate acts, *see Systems Research, Inc. v. Random, Inc.,* 614 F.Supp. 494 (N.D.Ill.1985); and

(3) a showing of multiple criminal episodes evincing an ongoing practice of activity, *see United States v. Yonans,* 622 F.2d 721 (N.D.Ill.1985); *Papai v. Cremosnick,* 635 F.Supp. 1402 (N.D.Ill.1986).

The Fifth Circuit indicated in dicta in *R.A.G.S. Couture, Inc. v. Hyatt,* 774 F.2d 1350 (5th Cir.1985), that proof of two related predicate acts would be enough to constitute a pattern. Recently, in *Smoky Greenhaw Cotton v. Merrill Lynch, Pierce, Fenner and Smith, Inc.,* 785 F.2d 1274 (5th Cir.1986), the Court directed the lower courts to consider more rigorous interpretations of the pattern requirement.

Judge Livaudais further stated that "[w]hen a plaintiff is hurt by one fraud which is only furthered by several mailings rather than hurt by repeated acts of fraud, the Courts are reluctant to impose RICO damages." Thus, a number of Courts have taken the compromise position requiring that predicate acts of mail and wire fraud occur in "multiple criminal episodes".

The exact meaning of the term 'multiple criminal episodes' is not clear, but at a minimum it means that the defendant must harm the plaintiff more than once—it must have committed acts which are ongoing, and which have an independent and repeated harmful significance for the plaintiff. That is, a single fraud merely furthered by the mails would not be enough; but a fraudulent scheme committed by sending a series of materials that are themselves fraudulent, with each causing independent harm to the plaintiff, would be. *Louisiana Power & Light Company* at 809.

Judge Livaudais adopted this compromise position and held that "a RICO plaintiff must show that the defendant's actions constituted related, multiple, and ongoing criminal episodes, each with an independent harmful effect, to recover RICO damages." *Id.* at 809.

Applying the above to the case at hand, the Court finds that if there was a fraud in this matter, it could only be the 1984 Modification Agreement and the other acts mentioned are not independent and harmful in themselves, but rather consist of several acts which let up to the alleged harmful act, the 1984 Modification Agreement.

Our ruling is reinforced by plaintiff counsel's statement, in reply to a question by the Court as to whether proof of any indictable offenses had been developed during nearly two years of discovery, that he would not care to comment.

Accordingly,

IT IS ORDERED that the motions of Cooper/T. Smith, James E. Smith, James Moffett, Lawrence Merrigan and John Amato for partial summary judgment, are GRANTED.